IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOANN GARCIA,

    Plaintiff,

v.                                                 Civil No. 04-1058 WJ/RLP

MONARCH DENTAL CORPORATION
and BRIGHT NOW! DENTAL, INC. and
RAFAT MANSOUR,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

THIS MATTER comes before the Court pursuant to Plaintiff's Motion to Remand [Docket No. 5]. Having reviewed the submissions of the parties[1] and being fully advised on the relevant law, I find the motion is not well taken and will be denied.

**BACKGROUND**

Plaintiff filed her initial Complaint in New Mexico state court in the Second Judicial District, County of Bernalillo on August 4, 2004. Her Complaint alleges that she was an employee of Defendants, that Defendant Mansour engaged in numerous acts of sexual harassment, that Plaintiff complained of Mansour's conduct to the corporate Defendants, that corporate Defendants took inadequate measures to remedy Mansour's conduct, and that Corporate Defendants forced Plaintiff to terminate her employment by forcing her to choose between returning to work in the same office as Mansour or being fired. Plaintiff's Complaint

---

[1] The Court found the briefs of both parties to be exceptionally well reasoned and well written.

includes seven claims against the Defendants. Count I is a claim under Title VII. The remaining Counts allege claims under state law including claims for intentional infliction of emotional distress, negligent infliction of emotional distress, wrongful termination, assault and battery, and negligent retention.

Defendants removed this case to federal court on the basis of this Court's federal question jurisdiction over Plaintiff's Title VII claim under 28 U.S.C. § 1331, its supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, and the removal of such cases under 28 U.S.C. § 1441. Plaintiff now seeks remand of the entire case to state court under Section 1441(c).

**DISCUSSION**

A civil action that is filed in state court may be removed to federal court if the federal court has original jurisdiction over the claims. 28 U.S.C. § 1441(a) and (b). State law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" may also be removed based on the federal court's supplemental jurisdiction. 28 U.S.C. § 1367; United Mine Workers v. Gibbs, 383 U.S. 715 (1966). Section 1441(c) governs the remand of claims.

28 U.S.C. § 1441(c) reads:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matter in which State law predominates.

Prior to a 1990 amendment, Section 1441(c) applied to cases removed based on diversity and federal question jurisdiction and read:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

See Lujan v. Earthgrains Baking Co., Inc., 42 F.Supp.2d 1219, 1220 (D.N.M. 1999) (Black, J.); Williams v. Huron Valley Sch. Dist., 858 F.Supp. 97, 99 n. 2 (E.D. Mich. 1994).

Plaintiff's argument for remand relies on an interpretation of the current language of Section 1441(c) that would give a district court discretion to remand not only state claims but also a federal question claim when state law predominates. While this interpretation was shared by many reputable legal scholars and some federal district courts,[2] the weight of authority has interpreted 1441(c) as only allowing the remand of supplemental claims for which a district court has discretion to decline jurisdiction under 28 U.S.C. § 1367(c). See e.g., Borough of West Mifflin v. Lancaster, 45 F.3d 780 (3d Cir. 1995).

Even if this Court were to agree with Plaintiff that 1441(c) permits the remand of an entire case, including a federal question claim, the statute makes clear that remand is only permissible when the federal claim is "separate and independent" of the supplemental claims. Where both federal and state claims are asserted as the result of common events, no "separate and independent" federal claim exists. In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996). Plaintiff acknowledges that her federal and state claims arise from a "common nucleus of fact." See Docket No. 6 p. 5. Accordingly, remand of Plaintiff's entire case is not available under Section 1441(c).

---

[2] See Lujan v. Earthgrains Baking Co., Inc., 42 F.Supp.2d 1219, 1221 n. 6, 7 (D.N.M. 1999);

Plaintiff's motion did not ask this Court to remand Plaintiff's state claims pursuant to 28 U.S.C. § 1367. However, Defendants' response, in an abundance of caution, urged that remand of the state claims under Section 1367 is not appropriate. Under Section 1367(c), a district court may decline to exercise supplemental jurisdiction under certain circumstances. One of these circumstances is when the state claims substantially predominate over the federal claims. 28 U.S.C. § 1367(c)(2). As Defendants point out, the fact that only one of Plaintiff's seven claims is a claim arising under federal law does not mean that state law predominates. See Borough of West Mifflin, 45 F.3d at 789. State law predominates when it predominates in terms of proof, the scope of the issues raised, or in terms of the comprehensiveness of the remedy sought. Gibbs, 383 U.S. at 726. A district court will find substantial predomination when state claims constitute the real body of a case, and a federal claim is only an appendage such that "permitting litigation of all claims in district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

I agree with Plaintiff that the state claims in this case predominate over the Title VII claim. However, remanding these related state claims would result in parallel proceedings and duplicate trials in state and federal court necessitating an unreasonable expenditure of resources for the parties and the judiciary. Accordingly, the Court will deny Plaintiff's Motion to Remand and will retain jurisdiction over Plaintiff's Title VII claim and the supplemental state claims.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE